IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Brenda Lee Ginn, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 6:17-cv-1675-TMC |
| v. | ) |
| | ) **ORDER** |
| Nancy A. Berryhill, | ) |
| Acting Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Brenda Lee Ginn ("Ginn") brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") under the Social Security Act ("SSA"). (ECF No. 1). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C. (ECF No. 22).[1] The Report recommends affirming the decision of the Commissioner to deny benefits. *Id.* at 18. Ginn timely filed objections to the Report (ECF No. 27), and the Commissioner filed a reply to those objections (ECF No. 28). The court adopts the Report and affirms the denial of benefits.

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

## I. Background

On January 30, 2013, Ginn filed an application for DIB, alleging a disability onset date of January 1, 2013. (ECF No. 7-5 at 4). Ginn later amended the onset date to January 4, 2013. *Id.* at 6. Her application was denied initially and on reconsideration. (ECF No. 7-4 at 5, 11). On April 1, 2014, Ginn requested a review by an Administrative Law Judge ("ALJ") (ECF No. 7-4 at 14), and a hearing was held before an ALJ on June 7, 2016 (ECF No. 7-2 at 38).

On June 16, 2016, the ALJ denied Ginn's claims, finding her not disabled under the SSA. *Id.* at 21-32. The ALJ found that Ginn suffered from the following serious impairments: systemic lupus erythematous, arthritis, hypertension, and diabetes mellitus. *Id.* at 26. However, the ALJ concluded that the impairments did not meet or were not medically equal to the criteria for any of the listed impairments. *Id.* at 28. The ALJ then assessed Ginn's residual functional capacity ("RFC"), *id.* at 29-31, finding that Ginn could perform "sedentary work" with certain limitations, *id.* at 29. Finally, the ALJ found that Ginn was capable of performing her past relevant work as a receptionist/bookkeeper. *Id.* at 31. Accordingly, the ALJ denied Ginn's claims. *Id.* at 32.

On April 24, 2017, the Appeals Council declined to review the ALJ's decision. *Id.* 7-2 at 2. Ginn filed this action for judicial review on June 26, 2017. (ECF No. 1). In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference. (ECF No. 22). On October 5, 2018, Ginn timely filed objections to the Report, (ECF No. 27), and on October 18, 2018, the Commissioner filed a reply to those objections (ECF No. 28). This matter is now ripe for review.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the SSA provides that "the findings of the Commissioner of Social

Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Analysis

The purpose of magistrate review is to conserve judicial resources. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). This court is to conduct a de novo review of any portion of the magistrate judge's Report to which specific, written objections are made. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed.R.Civ.P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations." (emphasis added)). "A party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court.

3

*Midgette,* 478 F.3d at 621. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a de novo review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Dandy v. Berryhill*, 6:17-cv-331-BHH, 2018 WL 4610757 (D.S.C. Sept. 26, 2018); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a de novo review of objections presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous.' " (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005)).

In her objections, as pointed out by the Commissioner, Ginn simply repeats—verbatim—the arguments she made in her opening brief. (ECF No. 28 at 1). Moreover, as the magistrate judge recognized, Ginn also used the entire argument from her opening brief—verbatim—to reply to the Commissioner's response. (ECF 22 at 11). Ginn's objections, therefore, simply repeat verbatim for the third time the arguments presented in her opening brief, and they do not specifically direct the court's attention to any error in the Report.[1] Therefore, the court is not required to conduct a de novo review. Along with the record and the parties' pleadings, the court has carefully reviewed the Report for clear error. The court finds that the magistrate judge properly addressed Ginn's arguments and that the Report contains no clear error. Accordingly, the court adopts the Report.

---

[2] The court notes that Ginn slightly altered the heading for her argument. This is a stylistic change that has no bearing on the court's analysis.

4

## IV.  Conclusion

After a thorough review of the record, the court adopts the Report (ECF No. 22) and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

March 1, 2019
Anderson, South Carolina